IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK THORNTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FCA US LLC,<br><br>　　　　Defendant. | Case No. 21-cv-04090-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS** |

Before the Court are two motions: (1) plaintiff Patrick Thornton's ("Thornton") Motion to Remand, filed June 23, 2021; and (2) defendant FCA US LLC's ("FCA") Motion to Dismiss, filed June 4, 2021, as amended June 8, 2021. The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for July 30, 2021, and rules as follows.

In his complaint, initially filed in state court, Thornton alleges that, in 2018, he purchased a vehicle manufactured by FCA (see Compl. ¶ 4), that the vehicle manifested defects during the warranty period (see Compl. ¶ 6), and that FCA has been unable to service or repair the vehicle (see Compl. ¶ 7). Based on said allegations, Thornton asserts four claims, each arising under California state law.

On May 28, 2021, FCA removed the case to federal court, stating the parties are "of different citizenship" (see Notice of Removal ¶ 24; see also id. ¶¶ 28-29), and that "the amount in controversy exceeds $75,000" (see id. ¶ 11). Based thereon, FCA asserts diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1), pursuant to which a district

1   court has jurisdiction over a civil action between "citizens of different States" where the
2   amount in controversy exceeds "$75,000, exclusive of interest and costs."  See 28 U.S.C.
3   § 1332(a)(1).  With respect to citizenship, FCA states Thornton is a "citizen and resident
4   of Lakeport, California," citing a Retail Installment Sale Contract ("RISC"), dated March
5   27, 2018, whereby Thornton purchased the subject vehicle and in which he provided an
6   address in Lakeport, California.  (See Notice of Removal ¶ 28; Skanes Decl. Ex. E.)  FCA
7   further states that, for purposes of § 1332, it is a citizen of the Netherlands and the United
8   Kingdom.  (See Notice of Removal ¶ 29.)[1]

9   In seeking remand, Thornton argues FCA has failed to establish he is a citizen of
10  California, and, in particular, that FCA's reliance on Thornton's providing a California
11  address in the RISC is insufficient.  The Court now turns to that issue.

12  At the outset, the Court observes that because FCA is a citizen of two foreign
13  states, and not a citizen of any State within the United States, § 1332(a)(1) is not
14  applicable.  Rather, the applicable subsection is § 1332(a)(2), pursuant to which diversity
15  jurisdiction exists where, in addition to the above-referenced amount in controversy, the
16  action is between "citizens of a State and citizens or subjects of a foreign state."  See 28
17  U.S.C. § 1332(a)(2).  Consequently, the question before the Court is whether the RISC
18  suffices to demonstrate Thornton is a "citizen of a State," which, for purposes of § 1332,
19  means he must "be a citizen of the United States and be domiciled within [a] State."  See
20  Newman-Green, Inc. v. Alfonso-Larrain, 490 U.S. 826, 828 (1989) (emphasis in original)
21  (setting forth test to establish party is "a citizen of a State"; holding individual who is a
22  citizen of the United States but domiciled in another country is not "a citizen of a State"
23  for purposes of § 1332); see also Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th

---

[1] Specifically, FCA states it is an LLC, that its sole member is another LCC known as FCA North America Holdings LLC ("FCA North America"), and that FCA North America's sole member is FAC Holdco B.V., a company organized under the laws of the Netherlands and having its principal place of business in the United Kingdom.  (See id.); see also Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding an LLC "is a citizen of every state of which its owners/members are citizens").

2

1 Cir. 2001) (holding "[a] person's domicile is her permanent home, where she resides with
2 the intention to remain or to which she intends to return").

3 Diversity jurisdiction "is determined (and must exist) as of the time the complaint is
4 filed and removal is effected." See Strotek Corp. v. Air Transport Ass'n of America, 300
5 F.3d 1129, 1131 (9th Cir. 2002). Here, Thornton filed his complaint in state court on April
6 27, 2021, and, as noted, FCA removed the above-titled action on May 28, 2021. As also
7 noted, however, the RISC is dated March 27, 2018, more than three years before the
8 dates on which Thornton filed his complaint and the action was removed to federal court.
9 Consequently, even assuming Thornton's providing a California address on the date he
10 entered into the RISC is sufficient to support a finding he was then a citizen of the United
11 States and domiciled in California, the length of time elapsing between that event and the
12 filing of the complaint and notice of removal is too great to support a finding as to
13 citizenship and domicile on the relevant dates.

14 Accordingly, FCA having failed to show diversity jurisdiction exists, the instant
15 action is subject to remand.

## CONCLUSION

17 For the reasons stated:

18 1. Thornton's motion to remand is hereby GRANTED, and the above-titled action
19 is hereby REMANDED to the Superior Court of the State of California, in and for the
20 County of Lake.

21 2. FCA's motion to dismiss is hereby DENIED without prejudice to renewal in
22 state court.

23 **IT IS SO ORDERED.**

25 Dated: July 27, 2021

MAXINE M. CHESNEY
United States District Judge

3